**FILED**

APR 2 2 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,               )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )  ]    **4:26-cr-00192 SRC/RHH**
                                        )
LIANG XIONG,                            )
                                        )
            Defendant.                  )

**MOTION FOR PRETRIAL DETENTION**

Comes now the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Karin A. Schute, Assistant United States Attorney for said District, and respectfully moves this Court to detain Defendant Liang Xiong ("Defendant Xiong"), and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, *et seq.* In support of this Motion, the United States asserts as follows:

Defendant Xiong is charged with violating 18 U.S.C. § 1029(a)(3), access device fraud, in connection with his participation in an elaborate, multi-state fraud. Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves– a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of

1

conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community"). The Eighth Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure the defendant's appearance." *United States v. Cook*, 87 F.4th 920, 923 (8th Cir. 2023) (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)). This Court has the authority under Title 18, United States Code, Section 3142 to "call for and conduct the detention hearing" and to make a finding that no condition of release will reasonably assure Defendant Xiong's appearance in court and to order the Defendant Xiong detained. *Id.* at 1486. At such a hearing, this Court is guided by the relevant factors under § 3142(g).

### A.    Defendant Xiong Poses a Serious Risk of Flight.

The nature and circumstances of Defendant Xiong's crimes—along with the overwhelming proof establishing his guilt—demonstrate Defendant Xiong's serious risk of flight. Defendant Xiong is not a United States citizen; he is a citizen of China. He entered the United States illegally from Mexico and was arrested by Border Patrol in California in April of 2024. Defendant Xiong was served with a Notice to Appear (I-862) and was released on his own recognizance. Thereafter, he made an asylum claim, which is currently pending, and was issued a work authorization VISA. The Notice to Appear directed Defendant Xiong to appear before an Immigration Judge on October 7, 2024 to show why he should not be removed from the United States. However, the court date expired without adjudication. Xiong will likely be given a new court date before an Immigration Judge to determinate his status and whether he should be removed, during the pendency of which he will likely be detained in the custody of immigration officials.

Additionally, Defendant Xiong was arrested on March 11, 2026, by the St. Charles City

2

Police Department in connection with the underlying incident that is charged in Count 1 of the Indictment. This arrest may also serve as a basis for Defendant Xiong's removal from the United States. Accordingly, Defendant Xiong will likely be subject to removal proceedings.

Further, Defendant Xiong has no legitimate ties to the Eastern District of Missouri, including employment or family. As the Indictment alleges, Defendant Xiong has traveled to multiple jurisdictions in connection with the execution of the charged fraud. Lastly, Defendant Xiong faces a potential term of incarceration. The likelihood of a prison sentence—combined with Defendant Xiong's immigration status and lack of binding ties to this District—demonstrates his motivation to flee. *See United States v. Abad*, 350 F.3d 793, 799 (8th Cir. 2003) ("Abad is not a United States citizen. Abad faces a maximum sentence of 30 years, *see* 18 U.S.C. § 2423(b), which . . . weighs strongly in favor of a finding Abad would be a flight risk."). As such, Defendant Xiong poses a serious risk of flight.

**B.      The Nature and Circumstances of the Offense, As Well As the Weight of the Evidence, Support Detention.**

Both the nature and circumstances of the charged offense and the weight of the evidence in this case warrant Defendant Xiong's detention pending trial. *See* 18 U.S.C. § 3142(g)(1) and (2). Given Defendant Xiong's interstate travel and resulting multi-jurisdiction fraud, Defendant Xiong poses a significant financial danger to the community. *See* 18 U.S.C. § 3142(g)(3)(B) and (4); *see also United States v. Parodi*, No. CR-08-0083 PJH, 2008 WL 683421, at *3 (N.D. Cal. Mar. 7, 2008) ("In assessing danger, physical violence is not the only form of danger contemplated by the statute."); *United States v. Reynolds*, 956 F.2d 192, 192-93 (9th Cir.1992) (denying defendant's motion for bail pending appeal because he had failed to show by clear and convincing evidence that he did not constitute an economic danger to the community) (citing *United States v. Provenzano*, 605 F.2d 85, 95 (3rd Cir.1979) (danger is not limited to physical harm)); *see also*

*United States v. Moss*, 522 F. Supp. 1033, 1035 (E.D. Pa. 1981) ("It is generally agreed, of course, that a [c]ourt may refuse bail on the ground that a defendant poses a threat to the community even though the threat is pecuniary rather than physical."), *aff'd* 688 F.2d 826 (3rd Cir.1982); *United States v. Miranda*, 442 F. Supp. 786, 792 (S.D. Fla. 1977) ("First, it is beyond dispute that the criterion of 'danger to the community,' which is an explicit component of the Bail Reform Act, is not limited to the potential for doing physical harm."). In short, both the nature of the offense and the weight of the evidence support detaining Defendant Xiong pending trial.

    **C.**    **There Are No Conditions That Will Reasonably Assure Defendant Xiong's Appearance.**

Defendant Xiong's lack of ties to the community within this District demonstrates that no condition or set of conditions will reasonably assure his appearance for trial. Specifically, Defendant Xiong does not reside in this District or anywhere nearby. In fact, he resides in California and has only been present in the United States for two years. Defendant Xiong is not employed in this District and does not have any financial ties to this District. Further, Defendant Xiong does not have any family here or other personal ties to the community. Accordingly, a preponderance of the evidence demonstrates that no condition or set of conditions will reasonably assure Defendant Xiong's appearance. *See United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (affirming district court's detention order where preponderance of evidence established that no conditions would reasonably assure defendant's appearance for trial given that defendant's family did not wish to associate with him, he was unemployed and had no substantial assets in the community). Consequently, Defendant Xiong has demonstrated that there are no conditions that will assure his appearance. *See id.; see also Abad*, 350 F.3d at 799 (upholding the detention order of a defendant who was not a United States citizen and finding that "[a]lthough electronic surveillance is available, when considering all the factors at issue in the present case, there is

insufficient evidence to assure Abad's appearance at trial" even when considering letters of support from his family).

WHEREFORE, there are no conditions or combination of conditions that will reasonably assure the Defendant Xiong's appearance as required and the safety of any other person and the community and the United States requests this Court detain Defendant Xiong prior to trial.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY

/s/ Karin A. Schute
KARIN A. SCHUTE #62019MO
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, MO 63102